IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40636
No. 95-40637
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEVERO REYES III,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. 94-CR-219-1
USDC No. 94-CR-224-1
_____
July 5, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]


Severo Reyes III appeals his guilty plea convictions and
sentences for conspiracy to make, possess, and transfer grenades
and machine guns and possession with intent to distribute cocaine.
Reyes contends that his drug conviction violated double jeopardy

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

because of the previous forfeiture of his car; that the government improperly manipulated his sentence; and that the district court erroneously based his manager/supervisor adjustment on the unsworn statements of the probation officer at the sentencing hearing.

Reyes does not contend that the district court erred by finding that he waived his double jeopardy contention by pleading guilty.  Reyes has failed to brief the relevant issue for appeal. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

By accepting the plea agreement, in which Reyes agreed to plead guilty to possession of 13.2 pounds of cocaine and the government indicated that it would recommend a sentence subject to the 10-year minimum sentence, Reyes conceded that his sentence would be based on 13.2 pounds of cocaine.  See United States v. Broce, 488 U.S. 563, 570 (1989).  His sentencing entrapment argument is unavailing.

Finally, the presentence reports (PSRs) indicate that Reyes supervised the activities of his coconspirators.  Reyes's unsworn assertions were insufficiently reliable to oppose the PSRs; the district court could accept the PSRs without further inquiry. United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir.), cert. denied, 115 S.Ct. 180 (1994).

A F F I R M E D.